STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WALTER GABRIEL, PLAINTIFF IN ERROR.

Submitted December 2, 1920—Decided February 28. 1921.

1.  A defendant was arrested without a warrant, taken before a police justice and there subjected to an examination relating to his beliefs in the doctrines of a Communist party. The statements made by the defendant being replies to questions propounded to him by the committing officer—*Held,* that defendant's replies to such questions could not be used to support an indictment charging that he did "advocate in public by speech" but amounted to nothing more than an expression, at the request of the magistrate, of his political views. This was not advocating them within the meaning of the statute.

2.  The third section of the supplement to an act entitled "An act for the punishment of crimes (Revision of 1898)" (*Pamph. L.* 1918, *p.* 130) violates the eighteenth paragraph of article 1 of the constitution which reserved to the people the right to freely assemble together, to consult for the common good, to make known their opinions to their representatives, and to petition for redress of grievances.

---

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the state, *J. Henry Harrison* and *John A. Bernhard.*

For the plaintiff in error, *Ferdinand D. Masucci.*

The opinion of the court was delivered by

BERGEN, J. The defendant was tried and convicted on two indictments, charging the violation of the provisions of sections 2 and 3 of the supplement to the Crimes act, approved February 12th, 1918. *Pamph. L., p.* 130. The indictments are similar in form except one charges the advocacy of the subversion of the government of the United States and of the State of New Jersey, and the other that the defendant was a member of a society formed to encourage hostility to the government of the United States and of the state. With the consent of the defendant the two indictments were tried before the same jury, but the convictions and judgments were separate. Only one writ of error is printed in the record and that removes the judgment on the indictment relating to the subversion, by advocacy, of the federal and state governments, but the return thereto contains both indictments and judgments which were argued at the same time without objection to the form of the printed record.

One indictment charges in the first count that defendant "did willfully, knowingly and unlawfully advocate in public by speech the subversion and destruction of the government of the United States," and the second count is the same except that it charges the same offence against the government of this state. The speech as charged being, "I believe in upsetting our government by a revolution if necessary." The proof shows that what defendant is charged with saying was not said in a public speech, as these words are ordinarily defined, but before a police magistrate by whom he was examined after arrest. What the statute forbids is to advocate in public or private the subversion of the government, state or federal, or to incite, abet, promote or encourage hostility or opposition to such governments. The testimony shows that defendant was arrested without warrant and taken before a police justice; that the latter put to him a number of questions concerning his objections to the government of the United States, and when defendant asked if he was bound to answer the questions, the judge said: "No, you don't need to

answer anything; but I don't see why you should object to explaining the principle of this," and he replied he would, and said (a) a working man did not have a fair opportunity to get a job; (b) there wasn't a fair opportunity of getting married because of the high cost of living. Then the police judge asked him how he would remedy these conditions, and he said by the establishment of the Soviet form of government, and when asked if he meant that he would overthrow the present government of the United States, his reply was, "By dissolution." He was then asked if that did not mean the overthrow of the government, he replied, "Yes," and when asked how he would bring it about, his reply was, "By action such as was used at the time of the American Revolution if necessary." The only proof of the offence charged as "advocate in public by speech the subversion and destruction of the government," federal or state, was what defendant said to the magistrate in reply to his questions. This was not advocating *in public by speech* within the meaning of the statute. Nor was what the defendant said in reply to the questions of the magistrate advocating the suppression and destruction of the government of the United States, which is the thing prohibited by the statute. He was simply stating his political views to the magistrate in response to questions put to him, not advocating their adoption, and the evidence did not meet the standard required to sustain the indictment; therefore, the refusal of the motion made by defendant to strike it out, to which exception was taken, was error.

It is to be regretted that counsel for defendant did not confine his argument to the issue, instead of criticising the conclusions of the Court of Errors and Appeals in *State* v. *Tachin, 92 N. J. L.* 269, and writing a propaganda in favor of the theories of the Communist party, which savored of a greater desire to advance doubtful theories than interest in the question in which his client was vitally interested, and which if adopted would deprive him of the very protection he now seeks. But the ill-advised efforts of counsel should not deprive defendant of what he is entitled to, and that is the

protection of the law, which guarantees him a fair and impartial trial, and to knowingly deprive accused persons of such right would ultimately do as much injury to civilized government as the teachings of Communism can accomplish. Counsel for defendant also overlooks the fact that the constitutional right to freely speak on all subjects is subject to responsibility for the abuse of that right, and that the fixing of the measure of responsibility is a legislative prerogative. As this case is to be retried it may not be amiss to say that the views of Herbert Spencer on the question of Communism have no relation to the case, and that the reading of them to the jury by the trial court was interjecting something of which there was no proof, and which contained no rule of law applicable to the issue, and had a tendency to prejudice defendant's right to a fair and impartial trial.

The other indictment is based upon the third section of the supplement of the Crimes act, above referred to, which provides that "any person who shall become a member of any organization, society or order organized or formed, or attend any meeting, or counsel or solicit others so to do, for the purpose of inciting, abetting, promoting or encouraging hostility or opposition to the government of the United States, or of the State of New Jersey, or who in any manner shall aid, abet or encourage any such organizaztion, society or order or meeting in the propagation or advocacy of such a purpose, shall be guilty of a high misdemeanor." At the close of the trial counsel for defendant moved that the court direct that the defendant be acquitted on this indictment because the statute upon which it is rested is unconstitutional, and this we think is sound. Under the constitution and bill of rights the legislature cannot make it criminal to belong to a party organized or formed for the purpose of encouraging hostility or opposition to the government of the United States, or of this state, unless the hostility or opposition includes a purpose to overthrow or subvert such government. The constitutionality of the second section of the act was sustained in *State v. Tachin, supra,* because that section provides that the hos-

tility or opposition prohibited involved subversion and destruction by force, while by the section under consideration it is made a crime to be a member of a society organized or formed for the purpose of encouraging hostility or opposition to the federal or state government, not to subvert or destroy them by force, and would apply to any citizen who sought a change in the form of the government by a most peaceful means. A party organized to change the constitution of the United States or of the state by a proceeding lawful in method, although evincing a purpose hostile or in opposition in part, at least, to the existing government, would be under this statute an organization of which its members could be charged as criminals. This section of the statute violates article 1, paragraph 18 of the constitution of the state relating to the rights and privileges, which reads: "The people have the right to freely assemble together, to consult for the common good, to make known their opinions to their representatives, and to petition for redress of grievances." In our judgment, so long as an organizaztion, formed for the purpose reserved in the paragraph of the constitution referred to, confines its purposes to peaceful hostility or opposition and does not advocate, or indicate a purpose to overthrow or subvert the existing government by force, but only by constitutional methods, the right of the members of such a society to assemble together and consult for the common good is protected by the bill of rights. There being no valid statute which the defendant had violated by being a member of an organization forbidden by the attempted legislation, the defendant was entitled to have the jury directed to acquit.

The judgment in both cases will be reversed.